602 S.E.2d 81

**SOUTH CAROLINA UNINSURED EMPLOYER'S FUND, Respondent,**

v.

**Roy R. HOUSE, Claimant,**

and

**Jack Clark and Vaughn Homes, Inc. and/or Jack Clark Constructions and Travelers/Zurich, Defendants,**

**of whom Roy R. House is Respondent.**

and

**Vaughn Homes, Inc. is Appellant.**

**No. 3850.**

Court of Appeals of South Carolina.

Heard April 8, 2004.
Decided Aug. 2, 2004.
Rehearing Denied Sept. 22, 2004.

Kirsten Leslie Barr, of Mt. Pleasant, for Appellant.

Edgar W. Dickson, of Orangeburg, for Respondent.

STILWELL, J.:

In this workers' compensation case, Vaughn Homes, Inc. appeals the circuit court's order reversing the full commission and concluding Vaughn was liable for injuries sustained by an employee of its subcontractor. We reverse.

## FACTS

Vaughn Homes, a housing contractor, subcontracted with Jack Clark Constructions for framing work. Roy House, an employee of Clark, filed a workers' compensation claim after he was injured in the course and scope of his employment with Clark. At the time of House's accident, Clark did not have workers' compensation coverage.

When he was initially engaged to perform the work, Clark presented Vaughn with a certificate indicating he had workers' compensation coverage from June 5, 1997, to June 5, 1998. Upon the expiration of the original term, Clark provided a

certificate indicating continued coverage until June 7, 1999. The history of the policy indicates several instances of cancellation and reinstatement, all based on nonpayment of premiums, until, in March 1999, Clark received notification from his agent that the policy was due to expire in June. A notice of cancellation was served on Clark prior to the date of expiration, but Clark failed to pay the renewal premium.

Clark applied for a new policy with another insurance agency on July 1, 1999, but coverage was declined. Clark continued to perform work for Vaughn, but admitted he neither notified Vaughn that his coverage had lapsed for nonpayment nor advised Vaughn that his application for other coverage was declined. Clark, however, continued to verbally advise Vaughn that he did have coverage.

Following hearings on House's workers' compensation claim, the single commissioner transferred Vaughn's liability to the South Carolina Uninsured Employer's Fund, concluding Clark committed fraud by failing to notify its higher-tier contractor of a lapse in coverage pursuant to South Carolina Code section 42–1–415(C) (Supp.2003). The full commission affirmed but the circuit court reversed, finding Vaughn had notice of the expiration of Clark's policy and failed to require proof of coverage after the policy expired.

## SCOPE OF REVIEW

When reviewing an appeal from the workers' compensation commission, the circuit and appellate courts are proscribed from weighing the evidence or substituting their judgment for that of the full commission on questions of fact. However, the reviewing court may reverse when a decision is predicated on an error of law. *Pratt v. Morris Roofing, Inc.,* 353 S.C. 339, 344–45, 577 S.E.2d 475, 477–78 (Ct.App.2003), *aff'd as modified,* 357 S.C. 619, 594 S.E.2d 272 (2004). Statutory interpretation is a question of law. *Stewart v. Richland Mem'l Hosp.,* 350 S.C. 589, 593, 567 S.E.2d 510, 512 (Ct.App. 2002).

## LAW/ANALYSIS

Vaughn argues it may transfer liability for House's injuries to the fund pursuant to South Carolina Code Ann.

section 42–1–415 (Supp. 2003). Vaughn contends the circuit court erred by interpreting section 42–1–415 to require a higher-tier contractor to continue to collect proof of insurance coverage from its subcontractor after originally collecting documentation at the time of hire. We agree.

The full commission affirmed the single commissioner's decision to relieve Vaughn of liability based on the finding Clark committed fraud pursuant to section 42–1–415(C) (Supp. 2003). In reversing, the circuit court concluded Vaughn had notice that Clark's policy would expire, and reasoned the burden fell upon Vaughn to require appropriate evidence of continued coverage. The court further determined the commission erred as a matter of law in finding Clark committed fraud, based essentially on two premises. The first premise was that Clark never represented to Vaughn that he had insurance coverage for any period of time subsequent to June 7, 1999, and therefore could not be guilty of fraudulently representing that he did. As a second premise, the circuit court concluded the expiration of a policy at the end of its term was not the type of "lapse" contemplated by the provisions of section 42–1–415.

However, neither the commission's finding of fraud nor the circuit court's focus on notice is determinative of whether liability may be transferred under section 42–1–415. Under subsection 42–1–415(A), a statutory employer, such as Vaughn, may transfer liability to the fund when a subcontractor's employee is injured if the statutory employer submits documentation to the fund that the subcontractor has represented himself as having workers' compensation coverage "at the time the . . . subcontractor was engaged to perform work." S.C.Code Ann. § 42–1–415(A) (Supp.2003); *see also Harrell v. Pineland Plantation, Ltd.,* 337 S.C. 313, 330, 523 S.E.2d 766, 774–75 (1999) (noting that pursuant to section § 42–1–415(A), "a statutory employer is no longer directly liable for workers' compensation payments whenever documentation is presented to the commission that a contractor or subcontractor represented himself to the statutory employer as having workers' compensation insurance"). Subsection (B) permits a higher-tier contractor to qualify for reimbursement of benefits paid if it collects documentation of insurance coverage "at the time

the ... subcontractor is engaged to perform work." S.C.Code Ann. § 42–1–415(B).

When the language of a statute is plain, unambiguous and conveys a clear and definite meaning, the rules of statutory interpretation are unnecessary and the court may not impose another meaning. *Hodges v. Rainey*, 341 S.C. 79, 85, 533 S.E.2d 578, 581 (2000). Under these circumstances, the court will not resort to subtle or forced construction in an attempt to limit or expand a statute's scope. *Paschal v. State Election Comm'n*, 317 S.C. 434, 436–37, 454 S.E.2d 890, 892 (1995).

Subsections (A) and (B) of section 42–1–415 set out the procedure the higher-tier contractor must follow in order to relieve itself of responsibility for workplace injuries to the employees of its subcontractors. Vaughn complied fully with the mandate of subsections (A) and (B) when it collected documentation of insurance at the time Clark "was engaged to perform work." The statute does not require a prime contractor to continue collecting proof of its subcontractor's insurance coverage after the subcontractor is engaged to perform the work. We are loath to read such a requirement into a statute that otherwise contains such straightforward language.

Subsection (C) of section 42–1–415 is directed toward the subcontractor, places upon it the duty to notify the higher-tier contractor of any lapse in coverage, and sets forth the consequences of the subcontractor's failure to do so when it provides, in relevant part:

> Knowing and wilful failure to notify, by certified mail, the higher tier ... contractor ... who originally was provided documentation of workers' compensation coverage of a lapse in coverage within five days after the lapse is considered fraud and subjects the ... subcontractor who represented himself as having workers' compensation insurance to the penalties for fraud provided by law.

S.C.Code Ann. § 42–1–415(C).

The use in subsection (C) of the word "originally" lends support to the reasoning that the information given at the inception of the engagement is the controlling factor, negating any statutory requirement on the part of the higher-tier contractor to continue collecting proof of insurance.

Statutes which are part of the same legislative scheme should be construed together. In construing statutory language, the statute must be read as a whole, and sections which are part of the same general statutory law must be construed together and each one given effect, if it can be done by any reasonable construction.

*State v. Gordon,* 356 S.C. 143, 152, 588 S.E.2d 105, 110 (2003) (internal citation omitted).

We hold that because Vaughn complied with the provisions of section 42–1–415(A) and (B), it is entitled to shift the burden of paying workers compensation benefits to the fund. The order of the circuit court is, therefore,

**REVERSED.**

HUFF, J., and CURETON, Acting J., concur.