THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Samuel D. Berkheimer, Robert A. White, Charles A. Earles, Willie J. Crouch, Jr., Brian Redmond, John S. White, Terry C. Downie, Thomas S. Croxton and David Y. Wilson, Appellants,
 
 
 

v.

 
 
 
 Richland County, South Carolina, Respondent.
 
 
 

Appeal From Richland County
 L. Casey Manning, Circuit Court Judge

Unpublished Opinion No. 2006-UP-327
Submitted September 1, 2006  Filed September 18, 2006

AFFIRMED

 
 
 
 S. Jahue Moore and Christian G. Spradley, both of West Columbia, for Appellants.
 Vance J. Bettis and Shahin Vafai, both of Columbia, for Respondent.
 
 
 

PER CURIAM:  Appellants are retired Richland County employees rehired by Richland County in accordance with the so-called TERI Plan.  S.C. Code Ann. § 9-11-90(4)(a) (Supp. 2005).  Under this section, Appellants may receive retirement benefits while they continue working and receiving a salary.  In calculating Appellants annual leave and longevity pay upon rehire, Richland County considered Appellants start date as the date it rehired Appellants rather than the date it originally hired them many years earlier.  Appellants brought a declaratory judgment action.  They argued the Richland County Code of Ordinances (County Code) required Richland County to calculate their start date as the date it originally hired them.  Both parties moved for summary judgment.  The circuit court granted Richland County summary judgment.  We affirm.[1] 
When reviewing the grant of a summary judgment motion, the appellate court applies the same standard that governs the circuit court under Rule 56(c), SCRCP.  Pittman v. Grand Strand Entmt, 363 S.C. 531, 536, 611 S.E.2d 922, 925 (2005).  Summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Id.  On appeal, all ambiguities, conclusions, and inferences arising in and from the evidence must be viewed in the light most favorable to the non-moving party.  Id.  Statutory interpretation is a question of law.  S.C. Uninsured Employers Fund v. House, 360 S.C. 468, 470, 602 S.E.2d 81, 82 (Ct. App. 2004).  
1.  Appellants argue the circuit court erred in concluding the County Code did not require Richland County to calculate Appellants annual leave and longevity pay from the date it originally hired Appellants.  The circuit court held Appellants retired from Richland County, rather than resigned, and that because retire and resign are mutually exclusive terms, Appellants could not avail themselves of an exception in the County Code that allowed employees who resigned in good standing to calculate their annual leave and longevity pay from the date Richland County originally hired them.  An ordinance must receive a practical, reasonable, and fair interpretation consonant with the purpose, design, and policy of the lawmakers.  Rest. Row Assocs. v. Horry County, 327 S.C. 383, 391, 489 S.E.2d 641, 645 (Ct. App. 1997), affd as modified, 335 S.C. 209, 516 S.E.2d 442 (1999).  While we agree with Appellants that resign and retire are not necessarily mutually exclusive terms, they are treated as such within the context of the County Code, which clearly differentiates between an employee who has resigned and one who has retired.  Compare Richland County, S.C., Code § 2-403 (Resignations) with Richland County, S.C., Code § 2-438 (Retirement).  Because Appellants stipulated they retired, Richland County correctly calculated their start date as the date it rehired them.  Insofar as the County Code differentiates between the terms resignation and retirement, we concur in the reasoning and judgment of the circuit court. 
2.  Appellants next argue the circuit court erred in concluding the County Code did not require Richland County to contribute to the cost of Appellants dependents health insurance.  Appellants assert that because they are regular employees under the County Code, Richland County should cover a portion of their dependents health insurance.  The general rule of statutory construction is that a specific statute prevails over a more general one.  Atlas Food Sys. and Servs., Inc. v. Crane Natl Vendors Div. of Unidynamics Corp., 319 S.C. 556, 558, 462 S.E.2d 858, 859 (1995).  The specific County Code provision concerning health insurance, which requires that retired employees cover all of their dependents health insurance, trumps the general County Code provision defining a regular employee.  As determined by the circuit court, Richland County is not required to cover any portion of Appellants dependents health insurance.  We find no error. 
 AFFIRMED.
ANDERSON, KITTREDGE, and SHORT, JJ., concur.

[1]  We decide this case without oral argument pursuant to Rule 215, SCACR.