THIS OPINION HAS NO PRECEDENTIAL VALUE

THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The Friends of McLeod, Inc., Appellant,
v.
Historic Charleston Foundation, Respondent.
 
 
 

Appeal From Charleston County
 Diane S. Goodstein, Circuit Court Judge

Unpublished Opinion No. 2006-UP-356
Heard October 11, 2006  Filed October 20, 2006

AFFIRMED AS MODIFIED

 
 
 
Stephanie P. McDonald and O. Benjamin Peeples, Jr., both of Charleston, for Appellant.
William C. Cleveland, of Charleston, for Respondent.
 
 
 

PER CURIAM:  The Friends of McLeod, Inc. (Friends) brought an action against the Historic Charleston Foundation (the Foundation) asserting the Foundation failed to comply with the provisions of the Last Will of William E. McLeod by selling property known as the McLeod Plantation.  The circuit court granted the Foundations motion to dismiss pursuant to Rule 12(h), SCRCP, concluding it did not have subject matter jurisdiction because an action to construe a will must first be brought in the probate court, pursuant to section 62-1-302 of the South Carolina Code (Supp. 2005).  We affirm as modified.
1. The circuit court correctly held it was without subject matter jurisdiction to hear this action, which seeks to construe a will.  See S.C. Code Ann. § 62-1-302(a)(1) (Supp. 2005) (To the full extent permitted by the Constitution, and except as otherwise specifically provided, the probate court has exclusive original jurisdiction over all subject matter related to . . . estates of decedents, including the contest of wills, construction of wills, and determination of heirs and successors of decedents and estates of protected persons; . . . .)  (emphasis added).  This statute clearly states the construction of wills is within the exclusive original jurisdiction of the probate court.  See S.C. Uninsured Employers Fund v. House, 360 S.C. 468, 470, 602 S.E.2d 81, 82 (Ct. App. 2004) (Statutory interpretation is a question of law.).  Friends relies solely on pre-1987 cases that provide the circuit court has jurisdiction to construe the terms of a will.  In 1987, however, the legislature amended section 62-1-302(a)(1) by adding the word probate before the word court.  The legislatures inclusion of the word probate clearly evinces the intent to grant the probate court exclusive original jurisdiction in such matters.  Therefore, reliance on pre-1987 cases is misplaced.  The law does authorize the removal of certain actionsincluding an action to construe a willfrom the probate court to the circuit court.  See S.C. Code Ann. § 62-1-302(d) (Supp. 2005) (Notwithstanding the exclusive jurisdiction of the probate court over the foregoing matters, any action or proceeding filed in the probate court and relating to the following subject matters, on motion of a party, or by the court on its own motion, made not later than ten days following the date on which all responsive pleadings must be filed, must be removed to the circuit
court and in these cases the circuit court shall proceed upon the matter de novo: . . . (2) construction of wills; . . . .).
2.  Because the circuit court correctly determined it lacked subject matter jurisdiction to entertain this matter in the first instance, the additional findings of the circuit court are vacated.  See Simmons v. Simmons, 370 S.C. 109, __, 634 S.E.2d 1, 4 (Ct. App. 2006) (It is axiomatic that an order entered by a court without subject matter jurisdiction is utterly void.).  Accordingly, the circuit courts order is
 AFFIRMED AS MODIFIED.
HEARN, C.J., STILWELL and KITTREDGE, JJ., concur.