THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
James M. Tennant and Charles R. Richards, Appellants,
v.
The County of Georgetown; Edsel Hemingway, Ronald Charlton, David Hood, Johnny
Morant, Helen Rudolph, Thomas Earl Drayton, and Jerry Oakley, in their official capacities; Thomas W. Edwards, Jr., in his individual capacity; James M. Mock, Jr., in his individual capacity; Jack M.
Scoville, Jr., in his individual capacity; the Public Service Commission of South Carolina; and the South Carolina Budget and Control Board,
Respondents.
 
 
 

Appeal from Georgetown County
 James E. Lockemy, Circuit Court Judge

Unpublished Opinion No. 2006-UP-374
Submitted October 1, 2006  Filed November 2, 2006   

AFFIRMED

 
 
 
Charles R. Richards, of Murrells Inlet; and James M. Tennant, of Georgetown; both pro se Appellants.
Jack M. Scoville, Jr. and William Stuart Duncan, of Georgetown; and Edwin E. Evans, David K. Avant, and Paul M. Koch, of Columbia; for Respondents. 
 
 
 

PER CURIAM: Charles R. Richards and James M. Tennant (collectively Appellants) appeal the circuit courts grant of summary judgment to the County of Georgetown (County) and the South Carolina Budget and Control Board in Appellants suit seeking a declaratory judgment setting aside Countys 911 Ordinance.[1]  In addition, Appellants appeal the circuit courts grant of summary judgment to Jack M. Scoville, Jr. for abuse of process, and Scoville, Thomas W. Edwards, Jr., and James M. Mock, Jr. for intentional infliction of emotional distress.  We affirm.
FACTS
On September 18, 2001, County enacted an ordinance (the Ordinance) authorizing the collection of a $1.00 per month fee (Fee) on each telephone line within its jurisdiction to fund improvements to its Emergency 911 System.  The Ordinance does not specifically direct how the Fee will be spent.  To authorize expenditures from money raised with the Fee, County created a proposed Enhanced 911 System Plan (the Plan).  On November 16, 2002, the County submitted the Plan, which showed a revenue surplus, to the Office of Information Resource of the State Budget and Control Board (the Board) for approval.  
Before the Board approved the Plan, Appellants filed suit seeking a declaratory judgment of the illegality of the Fee, arguing it would be used to fund a radio communications system allegedly unauthorized by statute.  While the record shows the County considered funding this system using the Fee, the Plan submitted to the Board contained no such provision.  Scoville, the Countys attorney, moved for sanctions, alleging the frivolity of the suit.  Appellants filed a cross-motion for sanctions against Scoville.  The circuit court did not grant either motion.
The County moved to dismiss the action.  The circuit court held a hearing and dismissed Appellants case without prejudice, basing its decision on the fact the Board had not considered or approved the Plan, and therefore, the controversy lacked ripeness.  
In the ensuing months, the County and the Board engaged in a healthy dialogue regarding the Plan.  Specifically, the County indicated it would seek approval for future expenditures not included in the Plan and would lower the Fee if a revenue surplus occurred.  Appellants also contacted the Board with respect to the Plan.  On July 12, 2002, the Board approved the Plan.  
On September 24, 2002, the County held a meeting at which it approved the expenditure of Fee revenues on the contemplated radio communications system.  The parties do not dispute that this radio system would be used to contact emergency response personnel after the County received a 911 call.  Mock, the Director of Emergency Services for the County, requested the Boards approval for this expenditure.  The Board approved the proposal.  
In response, Appellants filed an amended complaint seeking to set aside the Fee and the Plan because the Countys expenditure of funds on a radio system allegedly violated statutory authority.[2]  Appellants named Mock and Edwards, Countys Administrator, as parties for their role in obtaining the Boards approval.  Appellants argued Mock and Edwards falsified the original, unedited Plan by failing to include the proposal to use part of the funds to pay for the radio system.  In addition, Appellants sought a declaratory judgment that the County acted outside their statutory authority in authorizing the expenditure of the Fee on the radio system, the Board illegally approved of this expenditure, and the Public Service Commission (PSC) failed to regulate this expenditure.[3]    
Moreover, Appellants alleged County violated the prior circuit court order by collecting the Fee before seeking Board approval for the radio system.  Furthermore, Appellants sought damages for abuse of process against Scoville and for intentional infliction of emotional distress against Scoville, Mock, and Edwards.  The Board answered and moved to dismiss the amended complaint.  Subsequently, the County, Scoville, Edwards, and Mock also answered.  Scoville and Edwards also filed counterclaims for libel, slander, and civil conspiracy.
On January 21, 2004, the circuit court converted the Boards motion to dismiss into one for summary judgment.  Appellants moved to amend their complaint a second time, to dismiss Scovilles and Edwards counterclaims, and to request a discovery conference.  The County, Scoville, Edwards, and Mock later moved for summary judgment.    
The circuit court held a hearing and granted summary judgment against Appellants on all of their causes of action.  In addition, the circuit court dismissed Scovilles and Mocks counterclaims.  Appellants, Scoville, and Mock filed motions to reconsider.  The circuit court held a hearing on these motions.  After the hearing but before the circuit court issued a decision, Appellants filed a motion to stay the case and for recusal of the judge.  The circuit court denied all of Appellants motions but reversed its order dismissing Scovilles and Mocks counterclaims.  This appeal followed.  
STANDARD OF REVIEW
An appellate court reviews the grant of summary judgment under the same standard applied by the circuit court.  David v. McLeod Regl Med. Ctr., 367 S.C. 242, 247, 626 S.E.2d 1, 3 (2006).  The circuit court should grant summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56(c), SCRCP; Byrd v. City of Hartsville, 365 S.C. 650, 656, 620 S.E.2d 76, 79 (2005).  In determining whether any triable issues of fact exist, the evidence and all reasonable inferences therefrom must be viewed in the light most favorable to the non-moving party.  Law v. S.C. Dept of Corr., 368 S.C. 424, 434, 629 S.E.2d 642, 648 (2006).
LAW/ANALYSIS
I. The Public Safety Communications Center Act
Appellants argue the circuit court erred in holding the Public Safety Communications Center Act, sections 23-47-10 to -80 of the South Carolina Code (Supp. 2005) (the Act), allows the County to enact the Fee and use revenues on the radio system.  We disagree.
This court may determine the issue of legislative intent as a matter of law.  Charleston County Parks & Recreation Commn v. Somers, 319 S.C. 65, 67, 459 S.E.2d 841, 843 (1995).  When the language of a statute is plain, unambiguous and conveys a clear and definite meaning, the rules of statutory interpretation are unnecessary and the court may not impose another meaning.  S.C. Uninsured Employers Fund v. House, 360 S.C. 468, 472, 602 S.E.2d 81, 83 (Ct. App. 2004).
A local government, including a county, seeking to impose a fee for its emergency telephone system, or 911 system, must submit a 911 system plan to the Board for approval.  S.C. Code Ann. § 23-47-30(A) (Supp. 2005); see also S.C. Code Ann. § 23-47-10 (Supp. 2005) (defining local government, 911 system, 911 system plan, and other statutory terms with respect to the Act).  A 911 system must include equipment to connect the PSAP [the facility receiving 911 calls] to all law enforcement, fire protection, and emergency medical or rescue agencies, or both . . . .  S.C. Code Ann. § 23-47-20(C)(2) (amended by Act No. 317, 2006 S.C. Acts 317, effective May 30, 2006).  
To help fund its 911 system, a local government may adopt an ordinance imposing a monthly fee on telephone lines within the locality.  S.C. Code Ann. § 23-47-40(A) (Supp. 2005).  This fee may be used only to pay for certain enumerated items, including items necessary to meet the standards outlined . . . specifically in Section 23-47-20(C) . . . .  § 23-47-40(B).    
In this case, the County adopted an ordinance pursuant to section 23-47-40(A) to establish the Fee.  The County then submitted the Plan to the Board to comply with section 23-47-30(A).  After the Board approved the Plan, the County sought to spend revenue from the Fee on the radio system to allow its PSAP to directly contact and dispatch local emergency responders.  Appellants specifically contend the County cannot spend the Fee on the radio system because (1) the Act only allows this type of revenue to be spent on telephone communications; (2) the radio system might be used for other types of communication apart from contacting emergency response personnel; and (3) the PSC must approve of all equipment upon which the County spends this type of revenue.  
Section 23-47-20(C)(2) does not limit the type of equipment required to connect the PSAP to emergency responders.  Accordingly, we refuse to read a limitation requiring only telephone equipment be used.  We also find no limitation in the Act requiring the equipment used in section 23-47-20(C)(2) be used only to connect the PSAP to emergency personnel.[4]  Furthermore, the Act does not require the PSC to regulate the equipment designated in section 23-47-20(C)(2).  Based on the foregoing, we hold the circuit court properly granted summary judgment to the County and the Board on Appellants declaratory judgment action.
Appellants also argue the circuit court erred in finding a Board employees letter interpreting the Act and an informal opinion made by an assistant attorney general supported its decision.  Because we hold the Act plainly allows the expenditure here, we decline to address these issues.
II. Abuse of Process
Appellants contend the circuit court erred in granting summary judgment on their abuse of process claim.  We disagree.
The essential elements of abuse of process are an ulterior purpose and a willful act in the use of the process not proper in the conduct of the proceeding.  Hainer v. Am. Med. Intl, Inc., 328 S.C. 128, 136, 492 S.E.2d 103, 107 (1997).  Appellants merely argue Scoville acted outside the scope of his authority in bringing the sanctions motion in Appellants first suit.  Appellants do not argue Scoville had an ulterior purpose in filing this motion or that the motion was improper in the conduct of the proceeding.  Accordingly, we hold the circuit court properly granted summary judgment on Appellants abuse of process claim.
III. Intentional Infliction of Emotional Distress
Appellants claim the circuit court erred in granting summary judgment on their claim for intentional infliction of emotional distress.  We disagree.
A persons willful, malicious conduct proximately causing anothers emotional distress may be actionable as
intentional infliction of emotional distress or the tort of outrage.  Williams v. Lancaster County Sch. Dist., 369 S.C. 293, ___, 631 S.E.2d 286, 293 (Ct. App. 2006).  To state a claim for intentional infliction of emotional distress, a plaintiff must show (1) the defendant intentionally or recklessly inflicted severe emotional distress, or was certain or substantially certain that such distress would result from his conduct; (2) the conduct was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community; (3) the actions of defendant caused the plaintiffs emotional distress; and (4) the emotional distress suffered by the plaintiff was so severe that no reasonable person could be expected to endure it.  Bergstrom v. Palmetto Health Alliance, 358 S.C. 388, 401, 596 S.E.2d 42, 48 (2004).  The court determines, in the first instance, whether the defendants conduct may reasonably be regarded as sufficiently extreme and outrageous to permit recovery.  Only when reasonable persons may differ will the question proceed to the jury.   Brown v. Pearson, 326 S.C. 409, 424, 483 S.E.2d 477, 485 (Ct. App. 1997).
Appellants allege the actions of Scoville, Mock, and Edwards in filing a motion for sanctions and illegally or fraudulently seeking the Boards approval to use the Fee to pay for a radio system caused them emotional distress.  As a matter of law, we hold this conduct is not sufficiently extreme or outrageous to permit recovery.  
IV. Genuine Issues of Material Fact
Appellants argue the circuit court erred in granting summary judgment because genuine issues of material fact exist.  We disagree.
Initially, Appellants assert the legislative intent behind the Act creates a genuine issue of material fact.  However, South Carolina has long recognized the determination of legislative intent is a matter of law for the courts.  See, e.g., Wehle v. S.C. Ret. Sys., 363 S.C. 394, 403, 611 S.E.2d 240, 244 (2005).  
Appellants next argue the mere existence of the disputed Ted Lightle letter is a genuine issue of material fact.  The existence of this letter, contained in the record, does not appear to be disputed by either party.  
Finally, Appellants claim Scovilles assertion at the circuit courts hearing on summary judgment that the Countys radio system would be used at least fifty percent of the time for 911 purposes generated a genuine issue of material fact.  However, this assertion is irrelevant to the present controversy because, as we have stated, the Act does not require such a showing.
V. Discovery
Appellants argue the circuit court erred in granting summary judgment before allowing them to complete discovery.  We disagree.
Since it is a drastic remedy, summary judgment should be cautiously invoked so that no person will be improperly deprived of a trial of the disputed factual issues.   Baughman v. Am. Tel. & Tel. Co., 306 S.C. 101, 112, 410 S.E.2d 537, 543 (1991) (quoting Watson v. S. Ry. Co., 420 F.Supp. 483, 486 (D.S.C. 1975)).  This means, among other things, that summary judgment must not be granted until the opposing party has had a full and fair opportunity to complete discovery.  Baughman, 306 S.C. at 112, 410 S.E.2d at 543.  In making this determination, the circuit court should consider whether the party opposing summary judgment can [demonstrate] a likelihood that further discovery will uncover additional evidence relevant to the issue . . . and [the party is] not merely engaged in a fishing expedition.   Id.
Here, Appellants filed a request for a discovery conference, listing several proposed depositions and explaining three issues they wanted to explore.  Appellants sought information with respect to the scope of Scovilles, Mocks, and Edwards authority; efforts made by the PSC, the Board, and the County to comply with the circuit courts decree dismissing Appellants original claims without prejudice; and efforts made by the PSC, the Board, and the County to comply with statutory authority.  None of these issues are relevant to the outcome of this case.  Accordingly, we hold the circuit court properly granted summary judgment without allowing this discovery request.       
VI. Miscellaneous Factual Issues
Appellants argue the circuit court erred in finding the County could not afford the radio system without using the Fee and holding improvements to the 911 system could not be accomplished without the radio system.  These findings of fact are irrelevant to this appeal.  The Act does not require either of these findings before the County may spend 911 funds on the radio system.  [W]hatever doesnt make any difference, doesnt matter. 
McCall v. Finley, 294 S.C. 1, 4, 362 S.E.2d 26, 28 (Ct. App. 1987).
VII. Fraudulent Conduct
Appellants claim the circuit court erred in granting summary judgment because evidence exists that the County made misrepresentations and submitted fraudulent documents to the Board.  We disagree.
Essentially, Appellants argue the County was required to submit its proposal to use the Fee for a radio system at the same time it submitted the Plan.  Consequently, they contend the failure of the County to mention the proposed radio system to the Board at the time it submitted the Plan constituted misrepresentation or fraud.  Appellants cite no authority for their proposition that the County had to include information about the radio system in their submission to the Board, nor do we find any.  See First Sav. Bank v. McLean, 314 S.C. 361, 363, 444 S.E.2d 513, 514 (1994) (holding when an appellant does not argue or provide supporting authority for his assertion, he abandons the assertion).  In addition, Appellants presented no evidence of any fraud or misrepresentation.  Therefore, we hold the circuit court properly held no evidence existed of fraud or misrepresentation. 
VIII. Motion to Amend
Appellants argue the circuit court erred in denying their motion to amend the complaint.  We disagree.
[A] motion to amend a pleading is addressed to the discretion of the trial judge, and the party opposing the motion has the burden of establishing prejudice.  Stanley v. Kirkpatrick, 357 S.C. 169, 174, 592 S.E.2d 296, 298 (2004).  According to Appellants argument on appeal, the circuit court dismissed their cause of action for contempt and dismissed the PSC as a party.[5]  The preamble to Appellants second amended complaint explains they desired to rename the PSC as a party and include two causes of action replacing the contempt claim.  Because the circuit courts order is not included in the record, this Court cannot determine whether the dismissal was with or without prejudice.  It is the
appellants burden to present a sufficient record for appellate review.  Webb v. CSX Transp., Inc., 364 S.C. 639, 655, 615 S.E.2d 440, 449 (2005).    
Moreover, Appellants sought to name Jeffrey K. Herron, the employee of the Board who approved of the Countys proposals, and the Director of the PSC as parties.  The substance of Appellants allegations against these parties is the same as those leveled at the Board and the PSC.  We reiterate these allegations are unmeritorious.  Therefore, we hold the circuit court did not abuse its discretion in denying Appellants motion to amend.
IX. Motion to Recuse
Appellants claim the circuit court erred in denying their motion to recuse.  We disagree.
The decision to recuse rests within the trial judges discretion.  Ness v. Eckerd Corp., 350 S.C. 399, 404, 566 S.E.2d 193, 196 (Ct. App. 2002).  When no evidence is presented other than claimed adverse rulings by the judge, the judge is not required to recuse himself.  Reading v. Ball, 291 S.C. 492, 494, 354 S.E.2d 397, 398 (Ct. App. 1987).  However, a judges impartiality might reasonably be questioned when his factual findings are not supported by the record.  Ellis v. Procter & Gamble Distrib. Co., 315 S.C. 283, 285, 433 S.E.2d 856, 857 (1993).
Appellants argue the judges comments asking the Board for an affidavit and the judges ruling that the Act authorized the Countys expenditure on a radio system show the judges partiality.  Additionally, Appellants contend the judge showed prejudice when he remarked about the propriety of combining a declaratory judgment action with a tort action.  The affidavit, which the Board later submitted, simply restated the Boards position that the radio system had been approved.  However, the parties did not dispute whether the Board approved this expenditure.  Moreover, the judges ruling that the Act authorized Countys expenditure has been affirmed by this court.  Furthermore, the judge never prevented Appellants from arguing all of their causes of action.  Accordingly, we find the judge did not err in failing to recuse himself.[6] 
X. Scovilles and Edwards Counterclaims
Appellants argue the circuit court erred in reversing its grant of summary judgment with respect to Scovilles and Edwards counterclaims.  A party may not appeal the denial of summary judgment, even when combined with an appeal of a final order.  Olson v. Faculty House of Carolina, Inc., 354 S.C. 161, 167, 580 S.E.2d 440, 443 (2003).  Therefore, we do not address this issue.
CONCLUSION
We hold the plain language of the Act allows the County to spend revenues from the Fee on a radio communications system intended to allow its PSAP to contact and dispatch emergency personnel.  In addition, we find Appellants failed to state causes of action for abuse of process or intentional infliction of emotional distress.  Appellants other factual allegations are irrelevant to this appeal.  
We further hold Appellants failed to show any genuine issues of material fact or a need for further discovery.  Moreover, the circuit court did not abuse its discretion in denying Appellants motion to amend or motion to recuse.  Finally, we refuse to address Appellants appeal from a denial of summary judgment.  Accordingly, the circuit courts order is 
AFFIRMED.[7]
GOOLSBY, BEATTY, and WILLIAMS, JJ., concur.

[1] Appellants included several members of Countys council in their complaint.  Because they are named in their official capacities, we include them as part of County.
[2] Appellants do not include their original complaint in the record.  
[3] A previous circuit court order, not included in the record, dismisses PSC as a party.  (R.95).
[4] Alternatively, Appellants argue a 1992 letter from a Board employee requires at least fifty percent of the radio systems use be for 911 purposes.  No such limitation exists within the Act.
[5] Appellants do not include this order in the record.
[6] Appellants also appeal the circuit courts denial of their motion to stay the present action and argue the judge lacked impartiality.  We find these issues subsumed within Appellants argument the judge should have recused himself.  Accordingly, our holding with respect to recusal is dispositive.  
[7] We decide this case without oral argument pursuant to Rule 215, SCACR.