680 S.E.2d 1

Timothy Mark HOPPER, Employee/Claimant,

v.

TERRY HUNT CONSTRUCTION, Employer, Uninsured, South Carolina Uninsured Employers Fund, Kajima USA, Inc., Statutory Employer, and Zurich American Insurance Company, Carrier, Defendants,

of whom Kajima USA, Inc., Statutory Employer, and Zurich American Insurance Company, Carrier are, Petitioners,

and

South Carolina Employers' Fund is, Respondent.

No. 26665.

Supreme Court of South Carolina.

Heard Feb. 19, 2009.

Decided June 15, 2009.

Rehearing Denied Aug. 4, 2009.

---

Steven Michael Rudisill and Bradley Horace Smith, both of Rudisill, White & Kaplan, of Charlotte, for Petitioners.

Amy V. Cofield, of Lexington, and Latonya Dilligard Edwards, of Columbia, for Respondent.

Chief Justice TOAL:

In this workers' compensation case, the court of appeals held that Petitioner Kajima USA, Inc. ("Kajima") and Petitioner Zurich American Insurance Company ("Zurich") could not transfer liability to Respondent South Carolina Employers' Fund ("Fund"). *Hopper v. Terry Hunt Constr.*, 373 S.C. 475, 646 S.E.2d 162 (Ct.App.2007). This Court granted a writ of certiorari to review that decision. We affirm.

## FACTUAL/PROCEDURAL BACKGROUND

Kajima hired Terry Hunt Construction ("Hunt") as a subcontractor to install pipe at a jobsite in Greenwood, South Carolina. On February 19, 2004, Claimant Timothy Mark Hopper suffered an injury while working for Hunt at the Greenwood jobsite. Hunt had worked for Kajima on a previous project and had presented an Acord Form 25–S Certificate of Insurance indicating that Hunt had a workers' compensation policy. The Certificate indicated that the policy was effective from May 2, 2002 through December 31, 2002, and the block labeled "DESCRIPTION OF OPERATIONS/ LOCATIONS" on the Certificate provided certain "Workers Comp Information" including the project number, the subcontract number, and the claim deductible amount. Before beginning work on the Greenwood project, Hunt presented another Certificate to Kajima. This Certificate showed that the policy was effective from January 1, 2003 through December 31, 2003, but unlike the previous Certificate of Insurance, the "DESCRIPTION OF OPERATIONS/ LOCATIONS" on this Certificate was blank. At the time of Claimant's accident, Hunt did not have workers' compensation insurance, and Kajima therefore remained liable to pay benefits.

The single commissioner found that the Claimant suffered a compensable injury, but ruled that Kajima and Zurich could not shift liability pursuant to S.C.Code Ann. § 42–1–415 (Supp.2008) because the Certificate of Insurance did not indicate that Hunt had coverage in South Carolina.[1] The full

---

1. The single commissioner found that the Certificate of Insurance reflected a Georgia workers' compensation policy and that the Certificate did not indicate that the policy had an all-states endorsement.

commission adopted the single commissioner's order in its entirety. The circuit court reversed and found that there was no evidence that the Certificate of Insurance showed that there was coverage only in Georgia and no coverage in South Carolina. The court of appeals reversed the circuit court, and held that Petitioners could not transfer liability because substantial evidence in the record showed that Kajima did not comply with the requirements of § 42–1–415.

This Court granted Petitioners' request for a writ of certiorari to review the court of appeals' decision, and Petitioner presents the following issue for review:

Did the court of appeals err in holding that Petitioners could not transfer liability to the Fund pursuant to § 42–1–415?

## STANDARD OF REVIEW

This Court must affirm the findings of fact made by the full commission if they are supported by substantial evidence. *Lark v. Bi–Lo, Inc.,* 276 S.C. 130, 136, 276 S.E.2d 304, 307 (1981). However, the appellate court may reverse the full commission's decision if it is based on an error of law. *Therrell v. Jerry's Inc.,* 370 S.C. 22, 26, 633 S.E.2d 893, 894–95 (2006). The issue of interpretation of a statute is a question of law for the Court. *Catawba Indian Tribe of South Carolina v. State,* 372 S.C. 519, 524, 642 S.E.2d 751, 753 (2007).

## LAW/ANALYSIS

Petitioners argue that the court of appeals erred in holding that they could not transfer liability. We disagree.

Generally, a higher tier contractor is considered the statutory-employer of an employee of a lower tier contractor, and thus, the high tier contractor remains liable to pay benefits to an employee if he sustains a compensable injury. S.C.Code Ann. § 42–1–400 (Supp.2008). Section 42–1–415(A), however, provides a narrow exception to this rule:

[U]pon the submission of documentation to the commission that a contractor or subcontractor has represented himself to a higher tier subcontractor, contractor, or project owner as having workers' compensation insurance at the time the contractor or subcontractor was engaged to perform work,

the higher tier subcontractor, contractor, or project owner must be relieved of any and all liability under this title except as specifically provided in this section.

Liability may only be transferred from the higher tier contractor to the Fund after the higher tier contractor has properly documented the lower tier contractor's claim that it retains workers' compensation insurance. *See Barton v. Higgs,* 381 S.C. 367, 371, 674 S.E.2d 145, 147 (2009) (holding liability could not be transferred to the Fund where the Certificate of Insurance was not signed).

We find substantial evidence in the record to support the commission's finding that Kajima failed to comply with the requirements of § 42–1–415(A). The Description of Operation box on the Certificate of Insurance was left blank and unlike the previous Certificate of Insurance that Kajima accepted, this Certificate contained no information regarding the coverage that the policy provided, the deductible amount, or the project to which the policy applied. In failing to fill out the entire Acord Form, Hunt essentially submitted an incomplete document purporting to show that it had a workers' compensation policy, which Kajima accepted. In our view, accepting an incomplete Acord Form does not constitute proper documentation.

█ Furthermore, even if Hunt had submitted a completed Certificate, we find an additional sustaining ground in the record to affirm the commission's decision. We have held that "engaged to perform work" means "each time a subcontractor is actually hired to perform work." *See Hardee v. McDowell,* 381 S.C. 445, 453, 673 S.E.2d 813, 817 (2009) (explaining the definition of "engaged to perform work" and overruling *South Carolina Uninsured Employer's Fund v. House,* 360 S.C. 468, 602 S.E.2d 81 (Ct.App.2004) to the extent it was inconsistent with the opinion). In addition to this definition, we now hold that the statute's language that the "subcontractor has represented himself ... as having workers' compensation insurance" in conjunction with "at the time the contractor or subcontractor was engaged to perform work" encompasses a continuous spectrum and includes the complete time frame in which the subcontractor is engaged to perform the work. In other words, in order to transfer liability to the Fund, a

general contractor may not rely upon a Certificate reflecting an expired policy as documentation of workers' compensation insurance.[2] To interpret the language in the statute otherwise would allow a general contractor to turn a blind eye to information which is readily evident upon a cursory inspection of the Certificate. Such an interpretation would lead to an absurd result not possibly intended by the legislature. *See Kiriakides v. United Artists Communications, Inc.,* 312 S.C. 271, 275, 440 S.E.2d 364, 366 (1994) (recognizing that the courts will reject that meaning when to accept it would lead to a result so plainly absurd that it could not possibly have been intended by the Legislature or would defeat the plain legislative intention).

In the instant case, in an attempt to establish its right to transfer liability for an accident occurring on February 19, 2004, Kajima relied on a document explicitly providing that the workers' compensation coverage expired on December 31, 2003. Thus, on January 1, 2004 and any time thereafter, Kajima no longer had documentation showing that Hunt had workers' compensation insurance at the time Hunt was engaged to perform work. Accordingly, we hold that Kajima could thus not transfer liability to the Fund.

Section 42–1–415 is a very narrow exception to the general rule that a general contractor, as the statutory employer, remains liable to pay benefits if a subcontractor's employee sustains an injury. In order to protect the privilege to transfer what would otherwise be the general contractor's responsibility, the statute requires the general contractor to take minimal steps to properly document that the subcontractor has workers' compensation insurance. We hold that an incomplete Acord Form does not constitute proper documentation and that a general contractor may not rely upon a Certificate showing an expired workers' compensation policy to show "documentation" of the subcontractor's workers' com-

---

2. In our view, the plain language of § 42–1–415(A) is clear that a subcontractor must represent that he has workers' compensation coverage while he is engaged to perform work. Therefore, we disagree with the dissent in looking to section § 42–1–415(C) to clarify § 42–1–415(A).

pensation insurance. Therefore, we uphold the commission's order finding Kajima could not transfer liability to the Fund.[3]

## CONCLUSION

For the foregoing reasons, we affirm the court of appeals' decision.

KITTREDGE, J. and Acting Justice TIMOTHY M. CAIN, concur.

PLEICONES, J. dissenting in a separate opinion in which WALLER, J. concurs.

Justice PLEICONES:

I respectfully dissent. In September 2003, Kajima entered a contract with Hunt Construction for work that commenced in November 2003. Hunt gave Kajima an Acord 25–S Certificate of Liability Insurance indicating Hunt had workers compensation coverage through December 31, 2003. Pursuant to S.C. Reg. 67–415, this form, if issued by the carrier for the insured and dated, signed, and issued by an authorized representative of the carrier, "shall serve as documentation of insurance" for purposes of S.C.Code Ann. § 42–1–415 (Supp. 2008). *See Barton v. Higgs,* 381 S.C. 367, 674 S.E.2d 145(2009) (majority holds compliance with reg.'s four requirements are necessary to constitute statutory documentation). Here, the form was issued, dated, and signed by an authorized representative and thus met § 42–1–415's documentation requirement. *Id.* Nothing in either the statute or the regulation requires, as would the majority here, that the form's block nominated "DESCRIPTION OF OPERATIONS/LOCATIONS" be filled in, nor that the form contain coverage information or the amount of the deductible. In my opinion, there is no evidence in the record to support the ruling of the Full Commission, upheld by the Court of Appeals, that Kajima accepted an incomplete form and therefore did not have "documentation of insurance" "at the time the contractor or

---

3. Although the commission found that Petitioners could not transfer liability based on a separate reason, we may affirm the commission's decision for any ground appearing in the record. *See* Rule 220(c), SCACR.

subcontractor was engaged to perform work", i.e., in September 2003.

I also dissent from the additional sustaining ground found by the majority. Section 42–1–415(A) provides in relevant part:

Notwithstanding any other provision of law, upon the submission of documentation to the commission that a contractor or subcontractor has represented himself to a higher tier subcontractor, contractor, or project owner as having workers' compensation insurance at the time the contractor or subcontractor was engaged to perform work, the higher tier subcontractor, contractor, or project owner must be relieved of any and all liability under this title except as specifically provided in this section.

The statute only requires that the lower tier contractor represented himself as having workers' compensation insurance (not that it actually has such coverage) "at the time the contractor or subcontractor was engaged to perform work." The majority interprets that term to mean that the general contractor is under a continuing duty to assure itself of coverage during "the complete time frame in which the subcontractor is engaged to perform the work." I disagree.

In *South Carolina Uninsured Employer's Fund v. House*, 360 S.C. 468, 602 S.E.2d 81 (Ct.App.2004) *modified on other grounds Hardee v. McDowell*, 381 S.C. 445, 673 S.E.2d 813(2009), the Court of Appeals held that § 42–1–415 does not require the general contractor to continue to collect proof of insurance after the initial documentation. As Judge Stilwell wrote for the court:

We are loath to read such a requirement into a statute that otherwise contains such straightforward language.

Subsection (C) of section 42–1–415 is directed toward the subcontractor, places upon it the duty to notify the higher-tier contractor of any lapse in coverage, and sets forth the consequences of the subcontractor's failure to do so when it provides, in relevant part:

Knowing and willful failure to notify, by certified mail, the higher tier ... contractor ... who originally was provided documentation of workers' compensation coverage of a lapse in coverage within five days after the lapse is

considered fraud and subjects the ... subcontractor who represented himself as having workers' compensation insurance to the penalties for fraud provided by law.

S.C.Code Ann. § 42–1–415(C).

The use in subsection (C) of the word "originally" lends support to the reasoning that the information given at the inception of the engagement is the controlling factor, negating any statutory requirement on the part of the higher-tier contractor to continue collection proof of insurance.

*House,* 360 S.C. at 472, 602 S.E.2d at 83.

I agree with the Court of Appeals in *House* and would hold that Kajima is relieved of liability under § 42–1–415 because it received an Acord form which complied with the regulatory requirements of Reg. 67–415 at the time Hunt was engaged to perform the work.

For the reasons given above, I respectfully dissent.

WALLER, J., concurs.