THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 Louis Alyward,
 Employee, Respondent,
 
 
 v.
 Woods ProClean,
 Employer, Cogdell Group, Inc., Statutory Employer, St. Paul Fire &
 Marine, Carrier for Cogdell Group, Inc., and South Carolina Workers'
 Compensation Uninsured Employers' Fund, Defendants,
 
 
 Of Whom Cogdell
 Group, Inc.,  Statutory Employer, and  St. Paul Fire & Marine, Carrier
 for Cogdell Group, Inc., are Appellants,
 
 
 And Woods
 ProClean, Employer, and South Carolina Workers' Compensation Uninsured
 Employers' Fund are Respondents.
 
 
 
 
 

Appeal From Florence County
John M. Milling, Circuit Court Judge

Unpublished Opinion No. 2011-UP-094
 Submitted January 4, 2011  Filed March
10, 2011    

AFFIRMED

 
 
 
 Jason Alexander Griggs, of Greenville, for
 Appellants.
 Brenda Woods, of Leavenworth, Kansas;
 Kathryn  Williams, of Greenville; Samuel Thompson Brunson, of Florence, for
 Respondents.
 
 
 

PER CURIAM:  St. Paul Fire & Marine and its insured, Cogdell
 Group, Inc. (collectively Appellants), appeal the circuit court's ruling that
 liability for a Cogdell Group's statutory employee's injuries could not be
 transferred to the South Carolina Uninsured Employer's Fund (the Fund).  We
 affirm.[1]
FACTS
Cogdell Group managed the
 McLeod Medical Plaza building in Florence, South Carolina.  The janitorial
 services for the facility were contracted out to Woods ProClean.  One of Woods
 ProClean's employees, Louis Alyward, was injured on the job.  At the time of
 the contract between Cogdell Group and Woods ProClean, Woods ProClean provided
 two certificates of insurance to Cogdell Group.  The first certificate was
 issued on April 30, 1998, from Geller Insurance Agency, Inc. in Lenexa, Kansas,
 and the insured was listed as ProClean of Leavenworth, Kansas. The certificate
 holder was listed as "The Cogdell Group Incorpated: The McLeod Regional
 Medical Center of the Pee Dee."  The description of operations field was
 left blank.  The second certificate was received May 19, 1998, to satisfy a
 Cogdell Group requirement that it be listed as an additional insured on all
 certificates.  
The second certificate was
 identical to the first with two exceptions.  The certificate holder field read,
 "McLeod Regional Medical Center of the Pee Dee, c/o Cogdall [sic]
 Group/Deno Keretses, 305 E Cheves St, St 220, Florence, SC 29506," and the
 description of operations showed "Cogdall [sic] Group Inc. is the
 Management Company.  See Certificate - Addl Insured."  
After several years of
 litigation, it was determined Woods ProClean did not in fact have valid
 workers' compensation coverage in South Carolina and so liability for Alyward's
 claim moved upstream to Cogdell Group.  Following several hearings, the
 conclusion was reached that Alyward's claim was compensable and that Cogdell
 Group was the responsible party as the statutory employer.  
Appellants then sought
 reimbursement from the Fund.  The single commissioner denied the request
 finding the certificates of insurance provided to Cogdell Group failed on their
 faces to demonstrate coverage in South Carolina as required by section 42-1-415
 of the South Carolina Code (2010) and Hopper v. Terry Hunt Construction,
 373 S.C. 475, 646 S.E.2d 162 (Ct. App. 2007), aff'd, 383 S.C. 310, 680
 S.E.2d 1 (2009).  An Appellate Panel of the South Carolina Workers'
 Compensation Commission (Appellate Panel) affirmed the single commissioner, and
 the circuit court affirmed the Appellate Panel's order.  This appeal followed.  
LAW/ANALYSIS
The South
 Carolina Administrative Procedures Act (APA) governs judicial review of a
 decision of the South Carolina Workers' Compensation Commission.  Lark v.
 Bi-Lo, Inc., 276 S.C. 130, 134, 276 S.E.2d 304, 306 (1981); Bass v.
 Isochem, 365 S.C. 454, 467, 617 S.E.2d 369, 376 (Ct. App. 2005).  Pursuant
 to the APA, an appellate court's review is limited to deciding whether the Appellate Panel's decision is unsupported by substantial
 evidence or is controlled by some error of law.  Grant v. Grant Textiles,
 372 S.C. 196, 200-01, 641 S.E.2d 869, 871 (2007).  "Substantial evidence
 is not a mere scintilla of evidence, but evidence which, considering the record
 as a whole, would allow reasonable minds to reach the conclusion the agency
 reached."  Tennant v. Beaufort Cnty. Sch. Dist., 381 S.C. 617, 620,
 674 S.E.2d 488, 490 (2009).  "In workers' compensation cases, the [Appellate
 Panel] is the ultimate fact finder."  Jordan v. Kelly Co., 381 S.C.
 483, 486, 674 S.E.2d 166, 168 (2009).
In Hopper v. Terry Hunt
 Construction, 373 S.C. 475, 482-83, 646 S.E.2d 162, 166 (Ct. App. 2007),
 the court determined as a matter of law that section 42-1-415 of the South
 Caroline Code requires an upstream contractor to obtain a certificate of
 insurance indicating worker's compensation coverage in South Carolina exists in
 order to transfer liability to the Fund.  In reaching this decision the court
 stated:
Our
 ruling today does not put an extra duty upon the general contractor to inquire
 into the validity of the subcontractor's coverage.  However, a general
 contractor cannot expect to turn a blind eye to the subcontractor's obvious
 lack of coverage in South Carolina and have the State shoulder that burden.  A
 determination of what type of conduct constitutes an obvious lack of coverage
 in South Carolina will have to be settled on a case-by case basis.  
Id. at 483 n.1, 646 S.E.2d at 166 n.1.
In this case, the Appellate
 Panel determined the certificates presented were insufficient under section
 42-1-415 to allow Cogdell Group to shift liability to the Fund.  The Appellate
 Panel did not directly address the Cogdell Group's argument regarding the
 identity of the certificate holder as "The McLeod Regional Medical Center
 of the Pee Dee."  The circuit court found, however, substantial evidence supported
 the Appellate Panel's findings.  The circuit court further indicated the
 identity of the certificate holder and the faxing of the certificate to a South
 Carolina location was insufficient to undermine the Appellate Panel's factual
 findings when the producer and insured were both listed as Kansas entities and
 the description of operations field was left blank.  The second certificate
 provided no additional information regarding the existence of coverage in a
 particular location but simply satisfied the Cogdell Group's requirement that
 it be listed as an additional insured.  
Appellants correctly note that
 in Hopper all three parties, the producer the insured, and the
 certificate holder, were listed as Georgia entities.  Hopper, 373 S.C.
 at 484, 646 S.E.2d at 167.  The Hopper court concluded, however, the
 certificate did not indicate "in which state, if any, [the subcontractor]
 had workers' compensation coverage."  Id.  The identity of the
 certificate holder in a particular state, therefore, does not necessarily
 demonstrate coverage in that state under Hopper.  Otherwise, the Hopper court would have concluded the certificate demonstrated coverage in Georgia,
 the locale of the certificate holder, instead of opining the certificate did
 not indicate coverage in any particular state. 
Based on our standard of
 review, we conclude the circuit court did not err in affirming the Appellate
 Panel as its findings were supported by substantial evidence in the record.  
AFFIRMED.
HUFF, LOCKEMY, JJ., and
 GOOLSBY, A.J., concur. 

[1]We decide this
 case without oral argument pursuant to Rule 215, SCACR.