**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Rudy Barreira Almazan, Employee,

v.

Henson & Associates, Employer, and Auto Owners Insurance, Carrier, Respondents,

and

S.C. Uninsured Employers Fund, Appellant.

Appellate Case No. 2015-001546

Appeal From the Workers' Compensation Commission

Unpublished Opinion No. 2017-UP-124
Heard February 14, 2017 – Filed March 15, 2017

**AFFIRMED**

Amy V. Cofield, of Cofield Law Firm, of Lexington, for Appellant.

Roy Allen Howell, III and Kirsten Leslie Barr, both of Trask & Howell, LLC, of Mount Pleasant, for Respondents.

**PER CURIAM:**  In this Workers' Compensation Commission (Commission) case, the South Carolina Uninsured Employers Fund (the Fund) appeals, arguing Auto Owners Insurance Company (Auto Owners) did not meet the necessary requirements to pass liability for Rudy Almazan's claim to the Fund.  We affirm.

The single commissioner found Contreras Panels (Contreras) was Almazan's immediate employer, but the certificates of insurance did not indicate coverage in South Carolina anywhere on their face; thus, Auto Owners, the carrier, failed to meet the statutory requirements to transfer liability to the Fund.  Henson & Associates (Henson), the statutory employer, and Auto Owners appealed the decision to the Appellate Panel of the Commission (Appellate Panel).  The Appellate Panel reversed, finding Henson and Auto Owners met the requirements to transfer liability to the Fund.  The Appellate Panel held there was nothing odd or unusual about the certificates of insurance, on their face, and Henson had no reason to doubt the veracity of the information on them.  The Appellate Panel stated "[t]here is no requirement that there actually be insurance for Henson . . . to rely on this representation when, as here, the Certificates of Insurance are complete and appear reasonable on their face."  Thus, Henson reasonably relied upon the certificates as documenting valid workers' compensation coverage for its subcontractor.

The Fund argues Auto Owners did not meet the requirements of section 42-1-415 to transfer liability to the Fund and this court should reverse the Appellate Panel's ruling on that basis.  We disagree.  In 2009, when Almazan's accident occurred, Regulation 67-415 only required the certificate of insurance to be "dated, signed, and issued by an authorized representative of the insurance carrier for the insured."[1]  *See* S.C. Code Ann. § 42-1-400 (2015) (providing that generally, a

---

[1]  Regulation 67-415(A)(2) was amended on February 26, 2010, to read:

> For purposes of [s]ection 42-1-415, either of the following is acceptable as documentation of insurance:
>
> (1) The declaration page of a standard workers' compensation policy, as issued by the insurance carrier for the insured, serves as documentation of insurance for both South Carolina and out-of-state employers, provided South Carolina is indicated as a named state in section 3A or 3C.

higher tier contractor is considered the statutory employer of an employee of a lower tier contractor, and thus, the higher tier contractor remains liable to pay benefits to an employee if he sustains a compensable injury); S.C. Code Ann. § 42-1-415(A) (2015) (providing an exception that allows a higher tier contractor to transfer responsibility to the Fund); S.C. Code Ann. § 42-1-415(B) (2015) (providing that to qualify for reimbursement from the Fund, "the higher tier subcontractor, contractor, or project owner must collect documentation of insurance as provided in subsection (A) on a standard form acceptable to the [C]ommission [and] [t]he documentation must be collected at the time the contractor or subcontractor is engaged to perform work and must be turned over to the commission at the time a claim is filed by the injured employee"); S.C. Code Ann. Regs. 67-415(A) (1997) ("For purposes of [s]ection 42-1-415, the ACORD Form 25-S, Certificate of Insurance, as published by the ACORD Corporation and as issued by the insurance carrier for the insured, shall serve as documentation of insurance.  The Certificate of Insurance must be dated, signed, and issued by an authorized representative of the insurance carrier for the insured."); *Hopper v. Terry Hunt Constr.*, 383 S.C. 310, 315, 680 S.E.2d 1, 3 (2009) ("Liability may only be transferred from the higher tier contractor to the Fund after the higher tier contractor has properly documented the lower tier contractor's claim that it retains workers' compensation insurance.").  We find that because the certificates in this case were dated, signed, and issued by an authorized representative of the insurance carrier for the insured, Auto Owners met the requirements to pass

---

(2) The ACORD Form 25-S, Certificate of Insurance, as issued by the insurance carrier for the insured, is acceptable documentation of insurance, provided the Certificate of Insurance indicates a valid South Carolina address for the insured, is dated, signed and issued by an authorized representative of the insurance carrier for the insured.  For an out-of-state employer, the ACORD Form 25-S is acceptable, provided the authorized representative of the insurance carrier for the insured affirms the following in an accompanying statement: South Carolina is a named state in section 3A or 3C of the declaration page of the insured's policy.

S.C. Code Ann. Regs. 67-415(A) (2012).

liability of the claim to the Fund. Thus, the Appellate Panel's decision was supported by substantial evidence and was not controlled by an error of law.

**CONCLUSION**

Accordingly, the decision of the Appellate Panel is

**AFFIRMED.**

**SHORT, WILLIAMS, and KONDUROS, JJ., concur.**